IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

LENNY LERAY HENDERSON, #83719     §

VS.     §     CIVIL ACTION NO. 6:21cv431

ANDY MACK, ET AL.     §

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Lenny Leray Henderson, a prisoner confined at the Cole Unit within the Texas

Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil

rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred

to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and

recommendations for the disposition of the case.

The present Report concerns Defendants' motion for summary judgment, (Dkt. #40). For

reasons explained below, the Court recommends that Defendants' motion be granted and that this

case be dismissed with prejudice.

**I. Henderson's Complaint**

The operative pleading in this lawsuit is Hendersons's amended complaint, (Dkt. #8). An

amended complaint entirely supersedes and takes the place of the original complaint. *See Clark v.*

*Tarrant Cnty., Tex.*, 798 F.2d 736 (5th Cir. 1986). He sues (1) Andy Mack, Mayor of Longview,

Texas, (2) Chief Robert Huhta, Longview Police Department, (3) Officer Matthew Cooper,

Longview Police Department, and (4) the Longview City Police Department.

Henderson maintains that, on January 8, 2021, Defendant Cooper "pulled" next door to his

home in Longview, and "with no lights on," walked in his yard and pulled on his door asking if he

could search the vehicle. He notes that he was the driver of the vehicle and that it was registered

to his son's mother, Ms. Sharp. She explained that he "could not search the car," and he was forced to exit the vehicle.

Henderson states that Officer Sloan placed him in handcuffs while Defendant Cooper searched the vehicle where he was seated. He asserts that he was charged and "brought to jail," and charged with possession and unlawful possession of a firearm by a felon, "which was later found under [the] passenger seat," (Dkt. #8, pg. 4). Henderson contends that his attorney "viewed the body cam," which showed Defendant "Cooper stealing $100 bills." He asserts that "no confiscation [was] filed." *Id*. Henderson maintains that the Mayor "swore in the corrupt police officer" and that Defendants Huhta and Police Department "hired a corrupt police officer." *Id*. at pg. 3. Henderson seeks dismissal of the charge and $5,000,000.00 in compensation.

## II. Defendants' Motion to Dismiss and Motion for Summary Judgment

Defendants Mack, Cooper, and Longview Police Department first move to dismiss the proceeding, (Dkt. #28), arguing that Henderson failed to state a claim against them upon which relief may be granted. In their motion for summary judgment, (Dkt. #40), Defendants further assert that Henderson failed to plead a *Monell* claim—and that Defendant Cooper had probable cause to search the vehicle. Finally, Defendant Cooper insists that he did not seize or "steal" $100 or any other item during the search and seeks qualified immunity. Henderson did not file a response.

## III. Summary Judgment Evidence

Defendants filed several exhibits in support of their motion:

**Exhibit A:**    **Video recording,**

**Exhibit B:**    **Affidavit of Matthew Cooper,**

**Exhibit C:**    **Affidavit of Mayor Andy Mack, and**

**Exhibit D:**    **Certified Copy of Henderson's Criminal Judgment**

Because Henderson has not filed a response, the summary judgment evidence is undisputed.

**IV. Standard of Review**

A court shall grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.  In determining whether there is a genuine dispute of a material fact, the court must examine the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party.  *See S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994). Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."  *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). "Material facts are those that might affect the outcome of the suit under the governing law." *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 422 (5th Cir. 2019) (internal citation and quotations omitted).

The Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions.  *See Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987).  It is not the function of the trial judge—in ruling on a motion for summary judgment—to weigh the evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence.  *Id*. at 567 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Util., Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988).

To carry this burden, the non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). All reasonable inferences are drawn in favor of the non-moving party, but the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only "a scintilla of evidence."" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011); *Chacon v. York*, 434 F. App'x 330, 332 (5th Cir. 2011). "Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation" will not survive summary judgment. *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016). Rather, the non-movant "must point to specific evidence in the record demonstrating a material fact issue" at the summary judgment stage. *See Mitchell v. Mills*, 895 F.3d 365, 270 (5th Cir. 2018). The non-movant cannot rest upon mere allegations or "denials of the adverse party's pleading." *See U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

When qualified immunity is invoked, as is here, "only evidence—not argument, not facts in the complaint—will satisfy" the burden of proof necessary to defeat summary judgment. *See Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) (internal citation omitted). Once the movant asserts immunity, the burden then shifts to the plaintiff to rebut it with more than conclusory allegations, unsubstantiated assertions, or speculation. *See Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003); *see also Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011) ("Miller has not overcome Graham's assertion of qualified immunity because he presented nothing but conclusory allegations and unsubstantiated assertions to assert his claim").

**V. Discussion and Analysis**

A review of the summary judgment evidence, viewed in the light most favorable to Henderson, demonstrates that the evidence before the Court could not lead to different factual findings and conclusions. Summary judgment in favor of Defendants is appropriate on all claims.

1. Seizure

Henderson maintains that Officer Cooper, during his arrest, "stole $500.00" of his federal stimulus money—constituting "official oppression," (Dkt. #1, pg. 3). It is well-settled that a "seizure" of property occurs "when there is some meaningful interference with an individual's possessory interest in that property." *U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984). Moreover, a delay in return of lawfully seized property—without more—does not violate the Fourth Amendment. *See, e.g.*, *Reliford v. Craig*, 2017 WL 6372634, at *6 (S.D. Tex. Nov. 22, 2017) ("Although no Fifth Circuit authority was found on the issue, other circuit courts have held that a delay in return of seized property does not violate the Fourth Amendment.") (collecting cases).

Here, a review of Defendant Cooper's bodycam footage of the arrest fails to show Cooper's "meaningful interference" with Henderson's property. Specifically, while Henderson maintains that Cooper "stole" $100 bills during the incident, the bodycam footage shows that Cooper picked up a single, $100 bill on the left side of the driver's seat. (*See* Exhibit A, Bodycam footage, 4:46.). Ms. Sharp, the owner of the vehicle, is heard remarking, "that's my money"—to which Cooper replies, "that's fine," (*Id*. at 4:51). As Defendant Cooper searches the vehicle, Cooper questions Sharp and Henderson about what items were inside the vehicle, and Henderson is heard exclaiming, "that's her car!" *See id*. at 5:34. At various points throughout the video, Sharp is holding an open wallet or billfold. Moreover, the video illustrates that the search uncovered drug paraphernalia, methamphetamines, and a pistol. *Id*. at 3:50; 13:30. The video footage does not show that Defendant Cooper discovered $500 dollars—or even multiple $100 bills as Henderson

claims. While not dispositive, Cooper testifies that "the vehicle and all remaining items were released to Sharp"—a claim that Henderson does not dispute on summary judgment.

Given that the $100 bill discovered in Sharp's vehicle belonged to Sharp—and his admission that the vehicle belonged to Sharp—Henderson has not shown that Cooper meaningfully "interfered" with his possessory interest in the $100 bill. Similarly, Henderson has not shown that Cooper handled $500—other than his conclusory allegation that does not defeat Defendants' properly supported motion for summary judgment. *See Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016) (holding that "[c]onclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation" will not survive summary judgment.). Henderson's claims that Defendant Cooper "seized" $100 bills are without merit and should be dismissed.

2. Personal Involvement

Henderson further explains that Defendant Mack, Mayor, "swore in a corrupt police officer." He also contends that Defendant Huhta, as Chief of the Longview Police Department, "hired a corrupt police officer," (Dkt. #8, pg. 3). The Court understands that Henderson is essentially arguing that by hiring and swearing in Defendant Cooper as a police officer, Mack and Huhta violated his constitutional rights in connection with this arrest.

Personal involvement is an essential aspect of a section 1983 cause of action. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (must be an affirmative link between injury and conduct of defendant)). The Fifth Circuit has held that a plaintiff must specify the personal involvement of each defendant in a section 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory." *See Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992). In

6

describing "personal involvement," the Supreme Court noted that "there must be an affirmative link between the incident and some act by the defendant." *Rizzo*, 423 U.S. at 363; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.").

Here, Henderson alleges no affirmative link or connection between his arrest and any actions of Defendants Mack or Huhta. He merely states that they "swore [or hired] in a corrupt police officer," which is conclusory. Such generalized assertions do not indicate their personal involvement in any constitutional violation. Henderson's claims against Defendants Mack and Huhta and should be dismissed with prejudice.

To the extent that Henderson insists that Defendant Huhta, as Chief of the Department, violated his rights through a supervisory-liability theory, the Court notes that such claim fails. The doctrine of respondent superior does not apply to section 1983. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for a subordinate's actions on any vicarious liability theory. In fact, the Supreme Court has held that the term "supervisory liability" is actually a misnomer since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *See Iqbal*, 556 U.S. at 677. In *Iqbal*, the Supreme Court rejected an argument that government officials may be held liable because they merely had knowledge or acquiesced in their subordinate's misconduct. *Id*. As a result of *Iqbal*, other courts have questioned whether supervisory liability remains an option at all in section 1983 cases. *See, e.g.*, *Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010); *Parrish v. Ball*, 594 F.3d 993, 1001 n.1 (8th Cir. 2010).

Under current Fifth Circuit jurisprudence, a supervisor may only be held liable if one of the following exists: (1) his personal involvement in the constitutional deprivation, (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations, or (3) the supervisory official implements a policy that itself is a repudiation of civil rights and is the moving force of the constitutional violation. *See Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *see also Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) (explaining that a plaintiff in a section 1983 case establishes supervisor liability "if (1) [the supervisor] affirmatively participates in the acts that cause the constitutional deprivation, or (2) [the supervisor] implements unconstitutional policies that result in the constitutional injury.") (internal citation omitted). Henderson's conclusory allegation that Defendants swore and/or hired a "corrupt police officer" does not meet these requirements.

Finally, Henderson fails to plead a sufficient *Monell* claim. A municipality may only be held liable for its own actions—such as its official policies, customs, or actions of its employees. *See Monell v. Dep't. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). A policy or custom must be the "moving force" of the plaintiff's injury, which must be a violation of a Constitutional right. *Id.* at 694; 698. Here, Henderson alleges no custom, no policy, and no facts indicating that any policy or custom acted as the "moving force" of any injury. Any *Monell* claim should be dismissed.

3. Non-Jural Entity

Henderson further contends that the Longview Police Department "hired a corrupt police officer." Under the Federal Rules of Civil Procedure, as Defendants explain, a party to a lawsuit must have the capacity to be sued. Fed. R. Civ. P. 17(b). A department of a local government entity must "enjoy a separate legal existence" to be subject to a lawsuit. *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does

8

not allow county or municipal police departments to be sued directly.  *Id*. at 313-14; *see also Crull*

*v. City of New Braunfels, Tex.*, 267 F. App'x 338, 341-42 (5th Cir. 2008) (unpublished)

("Therefore, the Police Department is not a separate legal entity apart from the City and the district

court did not err in dismissing the claims against the Police Department.").

Accordingly, any claim against the Longview Police Department should be dismissed. *See*

*Darby*, 939 F.2d at 313; *see also Pogorzelski v. Dallas Police Dep't*, 2020 WL 5045673 *2 (N.D.

Tex. Aug. 5, 2020 ("As judges of this Court have repeatedly recognized, the Dallas Police

Department is not a jural entity subject to suit."); *Lane v. Athens Police Dep't*., 2006 WL 1049966

at *3 (E.D. Tex. Mar. 24, 2006 ("While he does sue the Henderson County Jail, the jail is not a

separate legal entity and cannot be sued in its own name.").

4. *Heck v. Humphrey*

Henderson seeks the dismissal of the charge of unlawful possession of a firearm. To the

extent that he maintains his conviction for this offense violates the Constitution, such claim is

barred by the *Heck* doctrine. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Court

provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for
> challenging the validity of outstanding criminal judgments applies to § 1983 damages
> actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or
> confinement, just as it has always applied to actions for malicious prosecution.

*Heck*, 512 U.S. at 486.  The Court further held that "when a state prisoner seeks damages in a §

1983 suit, the district court must consider whether a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated."  *Id*. at 487.

Here, the summary judgment contains a certified copy of Henderson's criminal judgment,

(Dkt. #40-4). The judgment indicates that Henderson entered a guilty plea and was sentenced to

ten years imprisonment on April 22, 2022. *Id.* at pg. 22. Henderson is currently incarcerated for this offense as well as other offenses. Fourth Amendment challenges, if proven, would call the validity of his conviction and sentence into question—as he seeks dismissal of the charge. Such is "connected to the legality of his present confinement." *See Hudson v. Hughes*, 98 F.3d 868, 871 (5th Cir. 1996). Henderson must first show that his conviction or sentence was overturned or reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. *Id.* at 487. He has failed to do so.

Claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit labels this the "preferred" language. *Id.*

### 5. Qualified Immunity

Defendants invoke qualified immunity. Henderson has the burden to demonstrate that the defense of qualified immunity does not apply. *See Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020); *Cunningham v. Castloo*, 983 F.3d 185, 190-91 (5th Cir. 2022). Conclusory allegations are insufficient to overcome the defense. *Williams-Boldware v. Denton Cnty., Tex.*, 741 F.3d 635, 643-44 (5th Cir. 2014); *see also Edmiston v. Borrego*, 75 F.4th 551, 561 (5th Cir. 2023) (rejecting Plaintiffs' conclusory statement).

To demonstrate the inapplicability of the qualified immunity defense, the plaintiff must satisfy a two-prong test. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong is whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). The second is "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known."

10

*Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). A court may consider the two-pronged inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, Henderson has not identified a constitutional violation. His generalized, conclusory assertions do not indicate that is rights were violated or than any Defendant acted unreasonably. Defendants are entitled to qualified immunity.

### RECOMMENDATION

Accordingly, it is recommended that Defendants' motion for summary judgment, (Dkt. #40), be granted and that this case be dismissed with prejudice. Plaintiff's claims that implicate his conviction should be dismissed, with prejudice, until the *Heck* conditions are met.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 9th day of February, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

11